IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs November 26, 2002

## STATE OF TENNESSEE v. JOSHUA AARON ROUSH

**Direct Appeal from the Criminal Court for Knox County**
**No. 72582      Richard Baumgartner, Judge**

_____

**No. E2002-00313-CCA-R3-CD**
**February 18, 2003**
_____

The Appellant, Joshua Aaron Roush, appeals the sentencing decision of the Knox County Criminal Court. Roush pled guilty to attempted second degree murder and, following a hearing, was sentenced as a Range I offender to a term of eleven years in the Department of Correction. Roush appeals, asserting that his sentence was excessive because the trial court failed to comply with relevant sentencing principles and erred in not applying six mitigating factors. After a review of the record, we find that Roush's issue is without merit. Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Mark E. Stephens, District Public Defender; John Halstead, Assistant Public Defender, Knoxville, Tennessee, for the Appellant, Joshua Aaron Roush.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Scott Green, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On January 31, 2000, the Appellant entered his eighty-two-year-old landlord's apartment and began striking the elderly victim in the head with a claw-hammer. A struggle ensued with injuries resulting to both parties. The landlord was eventually able to subdue the Appellant, and the police were called. Both were taken to the hospital and, after receiving treatment, the victim was hospitalized and treated for scalp lacerations and an eye injury. Earlier that day, the Appellant had been ordered by the landlord to keep his dog under control. This angered the Appellant, who told

several people in the apartment complex that he intended to either rob or kill the elderly victim. After the altercation, the Appellant fled the state and was arrested four months later in Oklahoma.

On April 26, 2001, the Knox County Grand Jury returned an indictment against the Appellant charging him with: (1) attempted first degree murder; (2) attempted especially aggravated robbery; and (3) especially aggravated robbery. On November 14, 2001, the Appellant pled guilty under count one of the indictment to the lesser charge of attempted second degree murder, a class B felony.

At the sentencing hearing, it was established that at the time the Appellant committed the crime, he was twenty-one years old, unemployed, and heavily involved in drug use. The Appellant, according to his testimony, drifted around the country, ending up in Knoxville only because a truck driver, who picked him up in Texas, said he knew a place with cheap rent. He arrived in Knoxville approximately two to three weeks before the incident occurred. The proof also developed the following relevant facts. In 1996, the Appellant was placed on five years probation in Maryland for a felony battery conviction, stemming from a charge of assault with intent to commit rape. While on probation for this offense, he absconded. He completed eighteen months probation in Oregon in 1996 for unauthorized use of a motor vehicle, a felony offense. He received two years probation for possession of marijuana in San Francisco, California, in 1999. He relates that he moved to California in order to immerse himself in the drug culture. He was convicted of a domestic disturbance in Bisbee, Arizona, in 1999. He has a juvenile record in Maryland that consists of numerous charges. He first began drinking alcohol when he was eight and smoking marijuana when he was eleven. He received his GED in 1994, while incarcerated at the Maryland Training School for Boys.

Following the sentencing hearing, the trial court applied three enhancing factors: (1) a history of criminal convictions in addition to that necessary to establish a range; (2) a history of unwillingness to comply with the conditions of a sentence involving release into the community; and (3) possession or employment of a deadly weapon during the commission of the offense. Finding three enhancing and no mitigating factors applicable, the trial court sentenced the Appellant to eleven years in the Department of Correction as a Range I standard offender.

**Analysis**

On appeal, the Appellant does not contest the trial court's application of the three enhancement factors. However, he does assert that the trial court's failure to apply six applicable mitigating factors when determining the appropriate sentence was error. Moreover, the Appellant contends that the proper sentence was one of probation, if the trial court had correctly applied the following mitigating factors:

> (3) Substantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

(6) The defendant, because of his youth, lacked substantial judgment in committing the offense;

(8) The defendant was suffering from a mental or physical condition that significantly reduced his culpability for the offense;

(11) The defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct;

(12) The defendant acted under duress or under the domination of another person, even though the duress or the domination of another person is not sufficient to constitute a defense to the crime; [and]

(13) Any other factor consistent with the purposes of this chapter.

Tenn. Code Ann. § 40-35-113 (1997).

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997 & Supp. 2002); *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In this case, the record demonstrates that the trial court properly considered relevant sentencing principles. Accordingly, we apply the presumption.

## I. Mitigating Factor (6): the Appellant's youth.

The Appellant first asserts that, "because of his youth..., [he]lacked substantial judgment in committing the offense." Tenn. Code Ann. § 40-35-113(6). Specifically, he asserts that his life and his crime "shows the extreme immaturity and impulsivity of youth, prolonged by an unstable home life, early drug use, and a severe head injury." Thus, he contends that this factor should have been applied to mitigate his sentence. Our review of the record leads us to a different conclusion.

The trial court declined to apply this mitigator, finding:

> Although you are only 23,[1] apparently, your lifestyle has been that of involving yourself in crime throughout your life, including the continued use of controlled substances, which motivated a lot of your conduct and caused a lot of your problems.
>
> . . . There is nothing about his age that would cause him to commit these acts.

In determining whether the sentence should have been mitigated because the Appellant lacked substantial judgment because of his youth, "courts should consider the concept of youth in context, *i.e.*, the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstances tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." *State v. Carter*, 908 S.W.2d 410, 413 (Tenn. Crim. App. 1995) (quoting *State v. Adams*, 864 S.W.2d 31, 33 (Tenn. 1993)). The record supports the trial court's finding that this mitigator does not apply. This issue is without merit.

## II. Mitigating Factor (8): physical and mental condition.

The Appellant next contends that mitigator (8) should have been applied because the brain injury he received from a traffic accident when he was sixteen years old "affected his ability to rationally understand." The burden of proving applicable mitigating factors rests upon the Appellant. *State v. Mark Moore*, No. 03C01-9403-CR-000098 (Tenn. Crim. App. at Knoxville, Sept. 18, 1995), *perm. to appeal denied*, (Tenn. 1996). Therefore, while Tenn. Code Ann. § 40-35-113 (8) allows a court to consider any mental condition that significantly reduced the Appellant's culpability, the Appellant must sufficiently establish not only the presence of a defect, but also a causal link between his ailment and the offense charged.

The Appellant testified, and the proof established, that he was struck by a van in Maryland in 1994 and remained in a coma for twenty-one days. The report indicated that he was later discharged for inpatient rehabilitation. The Appellant testified that he still "had difficulty understanding things due to the accident." The Appellant introduced no medical proof which established a resulting cognitive disorder or mental condition that would have reduced his culpability

---

[1] At the time of the offense, the Appellant was within two days of his twenty-second birthday.

for the crime. Accordingly, we find that the trial court was correct in not applying mitigating factor (8).

### III.  Non Enumerated Mitigating Factor (3): remorse.

The Appellant contends that because he apologized to the victim, expressed remorse for his crime, and changed his life, this mitigating factor should have been applied. It is a well-settled principle that "genuine, sincere remorse is a proper mitigating factor." *State v. Williamson*, 919 S.W.2d 69, 83 (Tenn. Crim. App. 1995) (citing *State v. Buttrey*, 756 S.W.2d 718, 722 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1988)). However, "the mere speaking of remorseful words or a genuflection in the direction of remorse will not earn an accused a sentence reduction." *Id.* The finding of the presence or absence of remorse, similar to assessing the credibility of a witness, is best left for determination by the trial court. In determining whether actual remorse is present, the reviewing court may consider an appellant's conduct and statements immediately following the unlawful act, any underlying motivation for the expression of remorse, and an appellant's statements at the sentencing hearing.

The Appellant's remorse appears shallow in light of the fact that he has yet to accept full responsibility for his actions and continues to claim that he was forced to commit the crime. Accordingly, we find that remorse as a mitigating factor was not applicable.

### IV.  Mitigating Factors (3), (11) and (12): substantial grounds tending to excuse or justify the conduct, unusual circumstances, and duress.

Based upon the Appellant's version of the events, he asserts that mitigating factors (3), (11), and (12) of Tenn. Code Ann. § 40-35-113 should have been applied when determining his sentence. At the sentencing hearing, the Appellant testified that he committed this act only because Aaron Beeler held him at gunpoint and ordered him to do so. According to the Appellant, Beeler was his drug dealer, and the Appellant was indebted to him for drugs purchased on credit. The Appellant stated that Beeler ordered him to attack the landlord because it was rent day. Allegedly, Beeler was going to allow this to serve as payment for the Appellant's debt. The Appellant claims that he only hit the victim once to get inside the apartment and out of Beeler's line of vision. He asserts that once inside the apartment, he allowed [the victim] to overpower him.

The trial court rejected the Appellant's version of events, finding:

> I do not believe your story about how this event occurred out there. . . . [I]t is not a credible story to me. I do not believe that Mr. Beeler – it doesn't make any sense, first of all– but I do not believe that Mr. Beeler held a shotgun on you and forced you to take a claw hammer and attack [the victim]. I believe that you did that of your own free will.

The trial court is in the best position to determine the credibility of the Appellant, based upon his demeanor and appearance when testifying. Moreover, the proof does not preponderate against the trial court's findings. Accordingly, mitigating factors (3), (11) and (12) are not applicable.

## V. Sentence and Probation

As a Range I offender, the sentencing range for attempted second degree murder is eight to twelve years. Tenn. Code Ann. § 40-35-112(a)(2) (1997). The presumptive sentence for a class B felony "shall be the minimum sentence if there are no enhancement or mitigating factors." Tenn. Code Ann. § 40-35-210(c) (Supp. 2002). When there are enhancement factors and no mitigating factors, the trial court may set the sentence above the minimum within the applicable sentencing range. Tenn. Code Ann. § 40-35-210(d). Finding three enhancing factors applicable and no mitigating factors, the trial court imposed a sentence of eleven years. We find the length of this sentence justified and clearly not excessive. Because of the length of this sentence, the Appellant is not eligible for a sentence involving probation. Tenn. Code Ann. § 40-35-303(a) (Supp. 2002).

## CONCLUSION

Based upon the foregoing, we find the length of the Appellant's sentence to be proper. Finding no error, we affirm the judgment of the trial court.

_____
DAVID G. HAYES, JUDGE